UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4255** |
| **IMPERIAL FIRE & CASUALTY INSURANCE COMPANY** | **SECTION: I/2** |

ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of the defendant, Imperial Fire & Casualty Insurance Company ("Imperial"). For the following reasons, Imperial's motion for summary judgment is **GRANTED** and plaintiff's SFIP claims against Imperial are **DISMISSED WITH PREJUDICE.**

BACKGROUND

Plaintiff, Anna Johnson ("Johnson"), owns a home located at 2521-2523 Law Street, New Orleans, Louisiana, (the "subject property") which sustained flood damage when Hurricane Katrina made landfall on August 29, 2005.[1] At the time Katrina made landfall, Johnson's home was insured against flood damage by a Standard Flood Insurance Policy ("SFIP") issued by Imperial, in its capacity as a Write-Your-Own ("WYO") insurer.[2] The SFIP covered up to $100,000.00 for flood damage to Johnson's home.[3]

In the aftermath of Katrina, Johnson filed a claim under her

---

[1] Rec. Doc. No. 1, p. 2, para. 4.

[2] *Id.* para. 6. Johnson's SFIP was issued pursuant to the National Flood Insurance Program ("NFIP").

[3] Rec. Doc. No. 20-6, p. 1, para. 2. Johnson's structural coverage had a $500.00 deductible. *Id.*

SFIP.[4]  Based on an independent adjuster's[5] inspection of Johnson's property, Johnson was paid $88,233.87 under the SFIP for flood damage to her dwelling.[6]

On August 22, 2007, Johnson filed the above-captioned lawsuit against Imperial asserting causes of action for (1) breach of contract; (2) negligent misrepresentation; (3) declaratory judgment; (4) specific performance; (5) unjust enrichment; (6) violation of the National Flood Insurance Act, Code of Federal Regulations, and Federal Common Law; and (7) bad faith.[7]  Johnson asserts that she is entitled to: (1) a declaration and/or judgment that Johnson's SFIP provides full insurance coverage for the damage to the subject property caused by Katrina; (2) a declaration and/or judgment that Imperial violated the National Flood Insurance Act, the Code of Federal Regulations interpreting the same, and federal common law; (3) federal common law bad faith damages against Imperial, including attorney's fees, court costs and any other damages incurred by plaintiff as a result of Imperial's bad faith; and (4) court costs, expenses, and judicial interest.[8]

On June 3, 2008, Imperial filed this motion arguing that no genuine issues of material fact exist with respect to Johnson's

---

[4]*Id.* at p. 2, para. 5.

[5]*Id.* paras. 6-7.

[6]*Id* para. 7; Rec. Doc. No. 1, p. 3, para. 12.

[7]Rec. Doc. No. 1.

[8]*Id.* at p. 9, "Prayer for Relief."

SFIP claims and, as such, Imperial is entitled to judgment as a matter of law.[9] Specifically, Imperial argues that, as a result of Johnson's failure to comply with the mandates of the SFIP dwelling form, Johnson is barred from asserting SFIP claims against Imperial.[10]

## LAW AND ANALYSIS

### I. STANDARDS OF LAW

#### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden

---

[9] Rec. Doc. No. 20.

[10] Rec. Doc. No. 20-2.

pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II.  DISCUSSION

### A.  THE NATIONAL FLOOD INSURANCE ACT

The U.S. Government's National Flood Insurance Program ("NFIP") was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered

through the Federal Emergency Management Agency ("FEMA").  *Wright v. Allstate Ins. Co.* (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these polices must be issued in the form of a SFIP. 44 C.F.R. § 61.4(b); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998).

Although a SFIP can be issued by a "Write Your Own" ("WYO") insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright I*, 415 F.3d at 386; *see Gowland*, 143 F.3d at 953.  Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co.,* No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D.La. Jan. 14, 2004) (Fallon, J.) ("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.' " *Wright I*, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Id.* at 388 (citing

*Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

### B.   COMPLIANCE WITH SFIP REQUIREMENTS

"In the case of a flood loss to insured property, [the insured] must" fulfill a list of requirements.  44 C.F.R. pt. 61, app. A(1) art. VII. J.; *see Gowland*, 143 F.3d at 953-54.  The requirements most pertinent to this case are those set forth in Articles VII. J. 3., and 4., of the SFIP.

Article VII. J. 3., mandates that an insured provide "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII. J. 3.; *see Guillot v. Allstate Ins. Co.*, Civil Action No. 06-8050 (Vance, J.).  Article VII. J. 4., provides:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. pt. 61, app. A(1) art. VII. J. 4..

The documentation provided must strictly comply with the SFIP in order for the insured to recover. *See Gowland*, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); *Durkin v. State Farm Mut. Ins. Co.*, 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit against his WYO insurer "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

On August 31, 2005, David Maurstad, the Acting Federal Insurance Administrator, in response to the catastrophic losses due to Hurricane Katrina, issued an order waiving the requirement that a policyholder must file a proof of loss prior to receiving insurance proceeds.[11] *See Richardson v. Paulison*, 2007 WL 647289, at *2 (E.D.La. Feb. 28, 2007) (Feldman, J.). The order stipulated that payment of the loss would be based on the evaluation of damage in the adjuster's report.[12] *Id.* For those policyholders in disagreement with the insurer's adjustment, settlement, or payment

---

[11] Rec. Doc. No. 20-5, "Waiver of Proof of Loss Requirement."

[12] *Id.*

of the claim, the requirement to submit a proof of loss was extended from sixty days to one year from the date of the loss.[13] *Id.*

Imperial argues that, pursuant to Article VII. R., Johnson is barred from asserting claims for additional SFIP benefits because she failed to (1) timely submit a signed and sworn proof of loss, as required by Article VII.J.4.; and (2) submit documentation supporting her claims for additional SFIP payments, as required by Articles VII.J.3, and VII.J.4.f..[14]  Imperial also argues that Johnson's claim for living expenses should be dismissed because the SFIP does not provide coverage for that item and that Johnson should also be precluded from asserting claims for contents damage because she did not purchase SFIP contents coverage.[15]  Finally, Imperially contends that, in light of the fact that the subject property is a 2-4 family dwelling, Johnson is only entitled to receive SFIP benefits on an actual cash value basis, not replacement cost.[16]

Concerning Imperial's argument that Johnson failed to timely submit a signed and sworn proof of loss as required by Article VII.J.4., Imperial's designated representative and custodian of Johnson's record, Michael Ewalt ("Ewalt"), states in his sworn

---

[13]*Id.*

[14]Rec. Doc. No. 20-2, p. 13.

[15]*Id.* at p. 3.

[16]*Id.*

affidavit that Johnson failed to timely submit a signed and sworn proof of loss to Imperial in support of Johnson's claim for the additional SFIP benefits now being sought in this lawsuit[17] and that as a result, Ewalt Johnson's lawsuit was filed in violation of Articles VII.J.3.; VII.J.4.; and VII.R., of the SFIP.[18]

Johnson argues that she complied with Article VII.J.4., by timely submitting a sworn and signed proof of loss to Imperial.[19] In support of her argument, Johnson offers correspondence from the WaterStreet Company ("WaterStreet"), the vendor company that services Imperial's flood claims, which states, in pertinent part:

> This letter will acknowledge receipt of the signed Sworn Statement in Proof of Loss dated August 28, 2006 and received by our office on August 28, 2006. We further acknowledge our receipt of these documents is in compliance with policy provisions concerning the filing of a Proof of Loss: however, **we are rejecting any and all statements presented by you with regards to the amount of the loss and value of the claims**.[20]

Johnson argues that WaterStreet's letter raises a genuine issue of material fact as to whether she timely submitted a sworn proof of loss to Imperial and, as such, Imperial's motion for summary judgment should be denied.[21]

---

[17]Rec. Doc. No. 20-3, p. 4, para. 14.

[18]*Id*. para. 16.

[19]Rec. Doc. No. 24, pp. 2-3.

[20]Rec. Doc. No. 24-3. The Court notes that Johnson does not provide a copy of the August 28, 2006, proof of loss that was mailed to WaterStreet. However, Imperial has attached an authenticated copy of the aforementioned proof of loss to its reply memorandum in support of this motion. *See* Rec. Doc. Nos. 27-2; 27-3.

[21]Rec. Doc. No. 24, p. 3.

Johnson's argument notwithstanding, Article VII.J.4., specifically requires that an insured's proof of loss be sworn to and signed by *the insured.* See 44 C.F.R. pt. 61, app. A(1) art. VII. J. 4.. The August 28, 2006, proof of loss that is referenced in WaterStreet's letter to Johnson is neither signed, nor sworn to, by Johnson. Instead, the aforementioned proof of loss is signed and sworn to by Johnson's attorney, David Binegar ("Binegar"), on Johnson's behalf.[22]

Courts have previously held "that an attorney's letter, not sworn to by the insured, cannot constitute adequate proof of loss as required by [the SFIP]." *Bentley v. Metro. Prop. and Cas. Ins. Co.*, Civ. Action No. 06-4799 (E.D. La. April 26, 2007) (Lemmon, J.) (citing *Crutcher v. Fidelity Nat'l Ins. Co.*, 2007 WL 1087595, at *5 (E.D. La. April 9, 2007); *Holeman v. Director, Fed. Emergency Mngmt. Agency*, 699 F.Supp. 98, 99 (N.D. Tex. April 22, 1998); *Deverant v. Selective Ins. Co.*, 2003 WL 21282184, at *2 (E.D. Pa. Jan. 7, 2003)). Accordingly, the August 28, 2006, proof of loss signed by Binegar on Johnson's behalf does not comply with Article VII.J.4., of the SFIP and, therefore, it does not entitle Johnson to assert claims against Imperial for additional SFIP benefits.[23]

---

[22]Rec. Doc. No. 27-2, pp. 2-3.

[23]The Court notes that it is irrelevant that WaterStreet represented to Johnson that the August 28, 2006, proof of loss satisfied the SFIP's requirements because such a representation amounts to an alteration of the requirements set forth in Article VII.J.4.. It is well-settled that SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998). Considering the fact that there is no evidence that such consent has been given in this case, WaterStreet did not have the authority to classify the deficient August 28,

Johnson has failed to provide sufficient summary judgment evidence to refute Ewalt's sworn statements and establish that she complied with Article VII.J.4., of the SFIP by timely providing Imperial with a proof of loss signed and sworn to by Johnson. Therefore, Johnson is barred from asserting SFIP claims against Imperial and Imperial is entitled to judgment as a matter of law.[24]

Accordingly,

**IT IS ORDERED** that Imperial's motion for summary judgment is **GRANTED** and that Johnson's SFIP claims against Imperial are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, July 28, 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

2006, proof of loss as adequate under the SFIP.

[24] Considering its findings herein, the Court need not determine whether Johnson provided Imperial with supporting documentation sufficient to comply with Articles VII.J.3., and VII.J.4.f., of the SFIP. The Court also need not determine whether Johnson's claims for living expenses are excluded from coverage by the SFIP, whether Johnson is entitled to additional SFIP benefits for damage to her contents, and whether Johnson's potential recovery in this case is limited to actual cash value.